## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LARRY BANNISTER (#108132)**                    **CIVIL ACTION NO.**

**VERSUS**                                        **16-261-SDD-EWD**

**LAURA TURNER, ET AL.**

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on August 30, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LARRY BANNISTER (#108132)**                          **CIVIL ACTION NO.**

**VERSUS**                                                        **16-261-SDD-EWD**

**LAURA TURNER, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Larry Bannister, ("Plaintiff") an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Laura Turner, ARDC Specialist I; Maghen Shipley, ARDC Supervisor; and "Secretary or his Designn [sic], On 9/15/15 at Headquarters" ("Defendants").[1]  Plaintiff alleges his constitutional rights, including his rights to due process and equal protection,[2] have been violated due to Defendants' misunderstanding and misapplication of Louisiana Revised Statute § 15:529.1.[3]  Plaintiff claims that, based upon La. R.S. § 15:529.1, he is entitled to immediate release, and the Defendants are "ignoring established law" by failing to release him.[4]  Plaintiff requests that Defendants be "demoted and fired and never to work in D.O.C. again."[5]  Plaintiff also requests payment of $1,000.00 per day from the date of March 23, 2015, and, in addition, a lump sum payment of $2,000,000.[6]

---

[1] R. Doc. 1.
[2] Plaintiff also conclusively alleges that the misapplication of Louisiana law amounts to an Eighth Amendment violation.  R. Doc. 1, p. 8.
[3] R. Doc. 1, pp. 4-5.  Also implicated is La. R.S. 15:308, which provided for retroactivity of more lenient penalty provisions provided in La. R.S. 15:529.1.
[4] *Id.* at p. 8.
[5] *Id.* at pp. 9-10.
[6] *Id.* at p. 11.

From a review of the allegations of Plaintiff's Complaint together with a review of Plaintiff's prior habeas corpus proceedings in the Eastern District of Louisiana,[7] it appears that, on July 14, 1994, Plaintiff was convicted of possession with intent to distribute cocaine within one thousand feet of school property, which crime was committed on September 10, 1993.[8] After conviction, Bannister admitted to being a fourth felony offender under La. R.S. § 15:529.1 and was sentenced to thirty years at hard labor with credit for time served.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis*, or who is asserting a claim against a governmental entity or an officer or employee of a governmental entity, if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.

An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[9] A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[10] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[11] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[12] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[13] A § 1915 dismissal may be made at any time, if the court determines that the allegation of poverty is untrue;

---

[7] *See Bannister v. Cain,* 00-1369 (E.D. La.). Plaintiff's habeas corpus proceedings were dismissed with prejudice on June 15, 2000.

[8] *State v. Bannister,* 95-172 (La. App. 5th Cir. 6/28/95), 658 So. 2d 16, 17.

[9] *Denton v. Hernandez,* 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Hicks v. Garner,* 69 F.3d 22, 24-25 (5th Cir. 1995).

[10] *Denton,* 504 U.S. at 32-33.

[11] *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

[12] *Denton,* 504 U.S. at 32.

[13] *Id.* at 33; *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465, 468 (5th Cir. 1992).

or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[14]

To the extent Plaintiff requests immediate release from state custody, an action under § 1983 is not the proper procedural mechanism. Release from state custody is only available through an application for habeas corpus under 28 U.S.C. § 2254. As the Supreme Court recognized in *Preiser v. Rodriguez*,[15] "release from penal custody is not an available remedy under the Civil Rights Act."[16] "Use of the Civil Rights Statutes to secure release of persons imprisoned by State Courts would thus have the effect of repealing 28 U.S.C. 2254; of course, such was not the intent of Congress."[17] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*."[18] Accordingly, Plaintiff's claim for release is not legally cognizable in a § 1983 action.[19]

Additionally, to the extent Plaintiff is challenging his imprisonment or confinement as unconstitutional, a § 1983 plaintiff cannot recover damages or obtain past injunctive relief for an "allegedly unconstitutional . . . imprisonment," unless he proves that the challenged sentence has

---

[14] 28 U.S.C. § 1915(e)(2).

[15] 411 U.S. 475, 479 (1973).

[16] *Id.* (internal quotations and citations omitted).

[17] *Id.* (internal quotations and citations omitted).

[18] *Id.* at 490.

[19] The State of Louisiana has determined that the proper procedure for inmates to obtain relief when a more lenient sentence may be available to that inmate due to the passage of more lenient sentencing provisions is as follows:

> [I]t appears that the legislature has created two distinct avenues for relief. First, … when an offender's sentence exceeds the maximum sentence allowed under the new penalty provisions, then that sentence is truly illegal and must be corrected by the district court. Second, when a sentence falls within the ranges of both the harsher and more lenient penalty provision (*e.g.*, an individual sentenced to 15 years imprisonment for a crime that initially carried a range of 1-30 years, and where the ameliorated range falls between 0-15 years), that sentence is not illegal and that offender's avenue for relief is by application to the committee on parole pursuant to La. R.S. § 15:308(C), through which, as we found in *State v. Dick*, the legislature is suggesting to the executive branch that it should consider these ameliorative sentencing provisions when reviewing the offenders' applications.

*State ex rel. Esteen v. State*, 2016-0949, 239 So. 3d 233, 242 n.4 (La. 1/30/18).

3

been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[20]

Plaintiff is alleging that he is being held unlawfully because state officials have incorrectly interpreted a state statute regarding sentencing and ameliorative consideration.[21]  A determination that Plaintiff is entitled to injunctive relief or compensation would necessarily imply that his continued imprisonment is invalid and that he is entitled to release.   Accordingly, Plaintiff's remaining claims are not cognizable under the *Heck* doctrine.

In *Marshall v. Jindal*,[22] the Fifth Circuit held that a similar claim was barred by *Heck v. Humphrey*.  There, a plaintiff challenged application of Louisiana's habitual offender statute, which at the time he was sentenced did not provide for hard labor, yet the plaintiff was subsequently required to serve his enhanced sentence under the statute.  The plaintiff claimed due process and *ex post facto* violations, as well as a violation of the Thirteenth Amendment.  The Fifth Circuit held, based upon *Heck*, that until the plaintiff could prove the challenged sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, he did not have a § 1983 action.

---

[20] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).

[21] At issue here is the statute in Louisiana that provides for enhanced sentences for second and subsequent offenses, La. R.S. § 15:529.1, which has been amended numerous times.  Importantly, by Act 403 of the 2001 Regular Session of the Louisiana Legislature, the multiple offender statute, La. R.S. § 15:529.1, was amended to provide more lenient sentences in some circumstances and also created the Louisiana Risk Review Panel, to which prisoners who had been convicted of the enumerated offenses and whose sentences would potentially be ameliorated by the amended sentencing provision could apply for amelioration of their sentences under the statute.  Originally, the statute was to apply prospectively only, but in 2006, the Louisiana Legislature enacted La. R.S. § 15:308 to provide that the sentence reductions contemplated by the earlier Act 403 were to be applied retroactively to "…persons who committed crimes, who were convicted, or who were sentenced … prior to June 15, 2001."  Pursuant to subsection (C) of La. R.S. § 15:308, such persons were authorized to apply to the Risk Review Panel for review under the more lenient penalty provisions, "… provided that such application ameliorates the person's circumstances."

[22] 615 Fed.Appx. 216 (5th Cir. 2015).

In comparison, in *Carson v. Miller*,[23] the Fifth Circuit held that a § 1983 action seeking a hearing regarding reduction of the plaintiff's sentence on the basis of good time credits was not barred by *Heck* because "[o]rdering a hearing would not necessarily demonstrate the invalidity of confinement or its duration."[24]  That was because in *Carson*, the plaintiff was requested restoration of his good time credits "unless the Defendant can show just cause for the deprivation herein"[25] such that a hearing would not necessarily require a finding of the invalidity of his incarceration or sentence.

Plaintiff does not merely seek a hearing to address application of Louisiana's ameliorative provisions on Plaintiff's sentence; rather, his requests for monetary damages and injunctive relief seek an adjudication of the merits of his claim that he is entitled to receive ameliorative consideration.  Accordingly, Plaintiff's claims in this matter are *Heck* barred.[26]

Based on the foregoing, Plaintiff's allegations in this case fail to set forth a claim for relief that is cognizable in this Court and Plaintiff's action should be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, without prejudice to any right Plaintiff may have to pursue federal habeas corpus relief upon the exhaustion of state court remedies.[27]

Finally, it appears as though Plaintiff seeks to invoke this Court's supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 for violations of his rights "under the laws of our Louisiana Constitutions [sic]."[28]   A district court is authorized to decline supplemental

---

[23] 621 Fed.Appx. 787 (5th Cir. 2015).

[24] *Id.* at 789-90 (internal quotations and citations omitted).

[25] *Carson*, 621 Fed.Appx. at 789, n.2.

[26] Plaintiff's request for injunctive relief in the form of Defendants being "demoted and fired and never to work at D.O.C. again" is not an available remedy under 42 U.S.C. § 1983.

[27] The Court does not suggest that Plaintiff is eligible for habeas corpus relief.  As noted above, Plaintiff has already filed at least one habeas petition that was dismissed with prejudice. *See Bannister v. Cain, Warden*, Civ. Action No. 00-1369 (E.D. La.).

[28] R. Doc. 1, p. 10.

jurisdiction over such claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[29] In the instant case, since Plaintiff has failed to state a cognizable federal claim, it is appropriate for the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[30] without prejudice to any right Plaintiff may have to pursue federal habeas corpus relief upon the exhaustion of state court remedies.

**IT IS FURTHER RECOMMENDED** that the Court decline supplemental jurisdiction relative to Plaintiff's potential state law claims.

Signed in Baton Rouge, Louisiana, on August 30, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[29] 28 U.S.C. § 1367.
[30] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."